# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE,
### EASTERN DIVISION

UNITED STATES OF AMERICA,  )
                           )
        Plaintiff,         )
                           )
VS.                        )      No. 04-10022-T
                           )
ERIC SANDERS,              )
                           )
        Defendant.         )

---

## ORDER DENYING MOTION TO WITHDRAW

---

Counsel for defendant Eric Sanders has filed a motion to withdraw from further representation of the defendant, asking that other counsel be appointed pursuant to the Criminal Justice Act ("CJA"), 18 U.S.C. § 3006A. As grounds for the motion, counsel asserts that the defendant does not have sufficient resources to continue to pay for his services.

The CJA does contain provisions allowing the appointment of counsel for a defendant who was initially represented by retained counsel:

> If at any stage of the proceedings, including an appeal, the United States magistrate or the court finds that the person is financially unable to pay counsel whom he had retained, it may appoint counsel as provided in subsection (b) and authorize payment as provided in subsection (d), as the interests of justice may dictate.

§ 3006A(c). Counsel's motion, however, is not accompanied by a financial affidavit completed by the defendant. Therefore, the Court lacks sufficient information at this time to determine whether the defendant is eligible for appointed counsel.

This document entered on the docket sheet in compliance
with Rule 55 and/or 32(b) FRCrP on 10/24/05

In addition, notwithstanding the general authorization in the CJA, "the withdrawal of retained criminal counsel after a general notice of appearance has been entered is not viewed with favor by the courts," particularly if the only reason is the client's failure to honor a fee agreement. United States v. Herbawi, 913 F. Supp. 170, 171-72 (W.D.N.Y. 1996).

> The delays necessary to allow substituted counsel an adequate opportunity to familiarize themselves with their client, investigate the facts of the case, explore possible defenses to the charges and generally "get up to speed" on the proceedings can frustrate efforts to achieve the prompt and efficient administration of justice in criminal cases.

Id. at 171.

In this case, the defendant and his counsel have not disclosed to the Court the circumstances under which counsel was retained or the complete financial arrangements that were agreed upon. Thus, there is no indication that the defendant concealed from counsel the fact that he had limited funds. In the absence of further information, the Court must conclude that counsel entered into this representation with open eyes, knowing that his client had limited resources.

Under these circumstances, counsel's motion for withdrawal is DENIED.

IT IS SO ORDERED.

JAMES D. TODD
UNITED STATES DISTRICT JUDGE

21 October 2005
DATE

2

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 83 in
case 1:04-CR-10022 was distributed by fax, mail, or direct printing on
October 24, 2005 to the parties listed.

---

Ramsdale O'DeNeal
O'DeNEAL LAW FIRM
423 North Highland Ave.
Jackson, TN 38301

Jerry R. Kitchen
U.S. ATTORNEY
109 S. Highland Ave.
Jackson, TN 38301

Honorable James Todd
US DISTRICT COURT